UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASSIDY GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-cv-05858 |
| v. ) | |
| ) | Honorable Sharon Johnson Coleman |
| ALFONSO VALDEZ, BRAD MARTIN, and ) | |
| LASALLE COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cassidy Green filed his First Amended Complaint against defendants alleging that his constitutional rights under the Fourteenth Amendment had been violated while under arrest and on his way to a hospital to get medical treatment for injuries obtained from his arrest. Defendant Brad Martin, a Mendota, Illinois police officer, brings the instant motion to dismiss Count III of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, the Court denies Martin's motion to dismiss.

**Background**

The Court takes the following facts from the First Amended Complaint as true for purposes of this motion. Co-defendant and fellow officer Alfonso Valdez arrested Green on April 25, 2018. On the day of the arrest, Valdez saw Green sitting in his car, recognized Green had a warrant out for his arrest, and approached Green's vehicle. Green saw Valdez approaching, left his vehicle, entered his mobile home, and then went into the bathroom. Valdez followed Green into his mobile home and into the bathroom, where he kicked the door open and tasered Green. Green then fell on the bathroom floor between the toilet and the bathtub, causing him to crack one of his molars and injure his elbow.

After Green's arrest, he was handcuffed and transported to the hospital in an ambulance

accompanied by defendant police officer Brad Martin. During this time, Martin repeatedly reached his ungloved hands into Green's mouth. Because Green had cracked his molar, Martin's reaching into Green's mouth caused Green severe pain. According to Green, he cried out in pain and repeatedly asked Martin to stop sticking his hands in his mouth. Martin nonetheless continued to penetrate Green's mouth and turn Green's head while him down on the ambulance gurney for the duration of the transport and arrival at the hospital.[1] Green maintains that he did not resist arrest during his interactions with both Officers Martin and Valdez. As a result of Green's injuries not being promptly treated, his tooth became infected and required surgery and antibiotics.

In defendant Martin's motion to dismiss, he asserts that Green's deliberate indifference claim against him does not relate back to the original complaint and is therefore untimely, that the allegations fail to state a claim upon which relief can be granted, and that Green brought Count III in bad faith.

**Legal Standards**

"Under federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir. 2011) (citation omitted); Fed. R. Civ. P. 15(c)(1)(B). "The central inquiry under Rule 15(c) is whether the original complaint 'gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.'" *Supreme Auto Transport, LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 741 (7th Cir. 2018) (citation omitted). Even significant changes to the allegations "can relate back so long as the defendant had fair notice of the substance of the new allegations from the

---

[1] There is no indication from plaintiff's allegations that Officer Martin was a paramedic or trained as a paramedic.

2

outset." *Id.* Whether to allow amendment under Rule 15 is within the Court's discretion. *Springman v. AIG Mktg., Inc.,* 523 F.3d 685, 690 (7th Cir. 2008).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Relation-Back under Rule 15(c)*

Martin first argues that Green failed to file his deliberate indifference claim against him within the two-year statute of limitations period because plaintiff did not bring this claim until his First Amended Complaint filed on May 15, 2020. Specifically, Martin contends that Green's original complaint did not mention any claim of Martin knowing of plaintiff's serious injury or medical need. Accordingly, Martin asserts that the deliberate indifference claim does not "relate back" to the original complaint filed on August 27, 2018.

Here, the relevant occurrence concerns Martin's alleged misconduct while he accompanied Green to the hospital after Green's arrest on April 25, 2018. Green alleges that Martin violated his constitutional rights by continuously reaching his ungloved hands into his injured mouth. This injury lead to an infection, which later required surgery. Accordingly, Green's deliberate indifference

claim against Martin arises out of the same conduct in his original pro se pleading because the alleged misconduct occurred during the same occurrence as his original claim, namely, his arrest and subsequent treatment by Officers Valdez and Martin. Moreover, Martin should not be surprised by the claim against him because in Green's pro se complaint, he named Martin as a defendant and alleged that Martin accompanied him and the paramedics in the back of the ambulance. Moreover, in his original complaint, Green alleged that while he was handcuffed and restrained to the gurney, Martin squeezed his jaw, pulled Green's head back and forth, and put his ungloved hands into Green's mouth repeatedly during the course of the transport to the hospital. Because the claim against Martin arose from the same transaction or occurrence and that Martin was put on notice that any such claim existed within the statute of limitations, the Court, in its discretion, concludes that this claim relates back to the original complaint.

*Deliberate Indifference*

The Court next turns to whether Green has sufficiently alleged his deliberate indifference claim under the federal pleading standards. To show deliberate indifference to medical needs a "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable" *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015). To establish the force was objectively unreasonable, the plaintiff must show that: (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly" and (2) the defendant's conduct was objectively unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). "This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively – without regard to any subjective belief held by the individual – whether the response was reasonable." *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018).

In his motion, Martin argues that Green failed to adequately allege his claim of deliberate indifference. The Court disagrees. In First Amended Complaint, Green asserts that Valdez's actions caused him to fall and hit his jaw on the bathtub. As a result of the fall, Green cracked his molar causing his mouth to bleed and physical pain. On the way to the hospital, Martin repeatedly put his hands into Green's mouth even though Green was crying out in pain and asking Martin to stop. From these allegations, the Court can reasonably infer that Martin knowingly and recklessly continued to reach into plaintiff's mouth despite his pleas and cries. As such, the first element of the deliberate indifference claim is satisfied. Martin's conduct was also objectively unreasonable because he had no legal or medical basis for reaching his hands into plaintiff's mouth. By reaching into plaintiff's mouth, Green claims that Martin caused him more pain, and furthered the risk of infection. Based on these allegations, Green has sufficiently alleged his deliberate indifference claim against Martin under the federal pleading standards. *See Iqbal*, 556 U.S. at 678 (complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

*Bad Faith*

Last, Martin argues that Green's recruited counsel acted in bad faith because the allegations in Count III exceed counsel's request to amend the complaint. *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) ("The Supreme Court has interpreted [Rule 15(c)] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend."). When determining what constitutes bad faith, courts look at the actions and intentions of the plaintiff when requesting leave to amend. In general, "there is no single litmus test for determining what constitutes bad faith, though more than mere negligence is required." *Grochoncinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785,

5

799 (7th Cir. 2013); *see also Chamberlian Group, Inc. v. Lear Corp.*, 270 F.R.D. 392, 397 (N.D. Ill. 2010) ("'Bad faith' is characterized by intentional or reckless misconduct.").

Here, there is no evidence that recruited counsel acted recklessly when he requested to amend the original pro se complaint. Keeping in mind that the new claim relates back to the original pro se pleading, that Martin was a named defendant in the original complaint, and the allegations that form the basis of Green's deliberate indifference claim against Martin were in the original complaint, Green's counsel actually did "clean-up" the existing allegations as counsel stated at the March 2020 status hearing. Accordingly, recruited counsel's conduct was not inappropriate, let alone in bad faith.

**Conclusion**

Based on the foregoing, the Court denies defendant Martin's motion to dismiss Count III. [134].

IT IS SO ORDERED.

Date: 8/3/2020

Entered: _____

SHARON JOHNSON COLEMAN
United States District Court Judge

6